WALTERS, J., dissents. I respectfully dissent from the majority opinion herein, because I believe that when all conflicting evidence is construed in favor of Appellant, summary judgment in favor of Appellee is appropriate under the facts of this case. Therefore, I would affirm the trial court's judgment.
The majority's decision here is premised upon an issue of fact as to whether the status of Jennifer Robinson was as a "social guest" or "licensee" of Appellant. Since, as the majority points out, there is no evidence before the court as to any actual invitation having been extended by Appellee to Jennifer Robinson prior to her entry upon his premises, the trial court's determination of her status as a licensee was correct as a matter of law.
Even assuming, arguendo, that there is an issue as to this fact, and that the trial court was incorrect in its determination that she was a licensee, the result is still the same. In Motorists Mutual Insurance Co. v. Rockwell (1990), 69 Ohio App.3d 159, this court held that "summary judgment is properly granted in favor of defendant in a comparative negligence case where, * * * the court can [find that] the plaintiff's own negligence, considering factors of assumption of the risk, if any, outweighed any negligence of the defendant under R.C. 2315.19." See, also, Mowery v. Mccracken (Aug. 23, 1987), Hancock App. No. 5-85-33, unreported; Veloquio v. Garcia (Dec. 29, 1989), Paulding App. No. 11-88-7, unreported.
This court further discussed the applicability of summary judgment in a comparative negligence context in Mowery, supra, quoting from Tatro v. Harp (Sept. 26, 1984), Lucas C. P. No. 83-2422, unreported:
 "* * * this is not to say that summary judgment is never appropriate; in rare cases it is permissible for a court to rule as a matter of law that one party's negligence exceeds that of the other. It is appropriate where the evidence of the plaintiff's negligence is clear and the quantum so great, and where the evidence is so conclusive that reasonable minds can come to only one conclusion. * * * To hold that summary judgment is never appropriate in comparative negligence actions would be to force all such cases to trial even in plain and indisputable cases, defeating the purpose of the summary judgment procedure which is to terminate expensive and needless litigation where no genuine issue of fact exists.
The evidence that was properly before the court in this case is uncontroverted that Jennifer Robinson was a diabetic; that she knew that her medical condition made it necessary for her to maintain a regimen of medication, diet and exercise; that the management of the disease of diabetes is the responsibility of the diabetic; that even during an insulin reaction, or ketoacidosis, Jennifer Robinson was able to call for her own medical assistance or care.
Therefore, I believe, after construing the conflicting evidence in favor of Appellant, that a reasonable person can only conclude that Jennifer Robinson's assumption of the known and obvious risk of failing to maintain her proper medical and physical regimen and her failure to seek medical care for her known condition substantially outweighed the negligence, if any, attributable to Appellee for failing to diagnose her condition and seek medical help for her. Appellee's duty, if indeed he has any, in this regard must, as a matter of law, be less than Jennifer's own duty to seek medical care for herself.
Therefore, I believe that Appellee was entitled to judgment as a matter of law on the undisputed facts set forth in the record, and I would affirm the trial court's judgment.